UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY MCDUFFIE,

    Plaintiff,

v.                                                                               Case No: 8:23-cv-210-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Wesley McDuffie, seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). As the Administrative Law Judge's (ALJ) decision was not based on substantial evidence and proper legal standards, the decision is reversed and remanded.

**BACKGROUND**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability and disability insurance benefits on August 23, 2020. (Tr. 294–95.) Plaintiff filed an application for supplemental security income on September 28, 2020. (Tr. 296–302.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 128–66, 170–84.) Plaintiff then requested an administrative hearing. (Tr. 185–86.)

Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 45–67.) The ALJ held a supplemental hearing at which a vocational expert (VE) testified. (Tr. 35–44.) Following the supplemental hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 15–29.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–3.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Before the court are Plaintiff's brief in opposition to the Commissioner's decision (Dkt. 16), Defendant's brief in support of the Commissioner's decision (Dkt. 19), and Plaintiff's reply (Dkt. 20).

      **B.    Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1987, claimed disability beginning on August 12, 2008. (Tr. 15, 28, 294, 296.) Plaintiff has a special education diploma and has a limited education. (Tr. 28, 316, 645.) Plaintiff has no past relevant work. (Tr. 28.) Plaintiff alleged disability due to a learning disability, diabetes, depression, and high blood pressure. (Tr. 315.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since August 12, 2008, the alleged onset date. (Tr. 18.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus, obesity, bipolar disorder, intellectual/learning disability, unspecified trauma-stressor-related disorder,

and depressive disorder. (Tr. 18.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18–22.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work except as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff can:

> lift and/or carry twenty pounds occasionally and up to ten pounds frequently; sit for six hours in an eight-hour workday; stand and/or walk for six hours in an eight-hour workday; occasionally climb ramps, stairs, stoop, kneel, crouch, and crawl; never climb ramps, ropes, or scaffolds; never work at unprotected heights or with moving mechanical parts; avoid hazards in the workplace (e.g., heavy/moving machinery, heights, etc.). Additionally, the claimant is able to perform simple, routine, and repetitive tasks; makes simple work-related decisions; interact with supervisors frequently; interact with coworkers occasionally; interact with the general public occasionally, but no customer service type work; and able to tolerate gradual changes in a simple and routine work setting.

(Tr. 22.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of Plaintiff's symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 25.)

Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as housekeeper/cleaner, poultry eviscerator, and marker. (Tr. 28.) Accordingly, based

on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 29.)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.920(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4)

whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d

at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ's finding that Plaintiff did not meet Listing 12.05 is not supported by substantial evidence; and (2) the ALJ failed to properly consider the opinions of Danna Costa-Sahs, licensed psychologist, Cashton Spivey, Ph.D., and Ellen Suarez-Pinzas, Psy.D. (Dkt. 16.) For the reasons that follow, the court finds that the ALJ committed reversible error by failing to properly evaluate the opinion of Dr. Costa-Sahs pursuant to controlling SSA regulations.

### I. The ALJ's Evaluation of Dr. Costa-Sahs's Opinion

Plaintiff argues the ALJ erred in the evaluation of the opinion of Dr. Costa-Sahs. (Dkt. 16 at 17–19.) In response, the Commissioner argues that substantial evidence supports the ALJ's finding that the opinion of Dr. Costa-Sahs was unpersuasive. (Dkt. 19 at 16–19.)

Plaintiff filed his applications for benefits on August 23, 2020 and September 28, 2020. (Tr. 294–95, 296–302.) Effective March 27, 2017, the Social Security Administration implemented new regulations related to the evaluation of medical opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative medical findings.  We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.  When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate.[1]  The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).  We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. §§ 404.1520c(a), 416.920c(a).  The regulations further state that because supportability and consistency are the most important factors under consideration, the Commissioner "will explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision."  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  "Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) [ ], the more persuasive the medical opinions [ ] will be."  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  "Consistency"

---

[1] Subparagraph (c) provides that the factors to be considered include: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes consideration of the length of treatment relationship; frequency of examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding.  20 C.F.R. §§ 404.1520c(c), 416.920c(c).

refers to the principle that "[t]he more consistent a medical opinion(s) [ ] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) [ ] will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). In considering medical opinion evidence, the ALJ must therefore analyze whether a medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at * 3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted,* 2021 WL 1565162 (Apr. 21, 2021).

Dr. Costa-Sahs reviewed Plaintiff's records and evaluated Plaintiff on March 15, 2022. (Tr. 781–88.) At the time of the evaluation, Plaintiff appeared disheveled, displayed poor grooming and hygiene, and emanated a foul odor. (Tr. 781.) Plaintiff answered all questions presented but he had difficulty providing specific information and dates. (Tr. 781.) Plaintiff's mental flexibility was impaired in that he could not spell the word "world" backwards and could not complete simple serial calculations without errors. (Tr. 783.) He exhibited difficulties in processing speed and required an extended amount of time to complete tasks. (Tr. 783.) Plaintiff's immediate memory was adequate, but his recent memory was impaired, and he was able to remember only one of three words after a short delay. (Tr. 783.) Plaintiff displayed impaired mental computation as he was unable to complete basic verbal arithmetic problems. (Tr. 783.)

Dr. Costa-Sahs opined that Plaintiff displayed limited social skills, abstract reasoning, and insight. (Tr. 783.) Plaintiff displayed limited judgment related to self-care and social problem solving as he had a limited understanding of personal safety, solution-focused ideas, and social interactions. (Tr. 783.) Dr. Costa-Sahs opined that, based on his vocabulary, usage and fund of knowledge, Plaintiff displayed very below average intelligence. (Tr. 783.)

Dr. Costa-Sahs administered the Wechsler Adult Intelligence Scale-Fourth Edition ("WAIS-IV") test. (Tr. 783-84.) Plaintiff obtained extremely low scores in the area of verbal comprehension, working memory, processing speed, full scale IQ, and general ability index. (Tr. 784.) His perceptual reasoning score was borderline. (Tr. 784.) Plaintiff's full scale IQ score was 59. (Tr. 784.) Dr. Costa-Sahs opined that, based on his test scores, Plaintiff did not demonstrate any significant relevant strengths. (Tr. 784.) Dr. Costa-Sahs diagnosed Plaintiff with intellectual disability, and mild and unspecified depressive disorder, and opined that his prognosis was guarded. (Tr. 785.) Dr. Costa-Sahs opined that Plaintiff's "mental health symptoms appear to be moderately to severely impacting activities of daily living, vocational performance and interpersonal interactions." (Tr. 785.)

Dr. Costa-Sahs completed a medical source statement of ability to do work-related activities (mental). (Tr. 786–88.) Based on Plaintiff's clinical presentation and test results, Dr. Costa-Sahs found marked limitations in the ability to understand, remember and carry out complex instructions, and make judgments on complex work-

related decisions. (Tr. 786.) Dr. Costa-Sahs opined that Plaintiff had moderate limitations with interacting appropriately with supervisors, co-workers, and the public and a marked limitation in responding appropriately to usual work situations and changes in a routine setting. (Tr. 787.) Dr. Costa-Sahs explained that Plaintiff "presents with difficulties appropriately interacting with others." (Tr. 787.) Finally, Dr. Costa-Sahs opined that Plaintiff cannot manage benefits in his best interest. (Tr. 785, 788.)

The ALJ considered this opinion and found it to be unpersuasive. (Tr. 24–25.) The ALJ stated:

> The undersigned found unpersuasive the opinion of consultative examiner Dr. Danna B. Costa-Sahs Psy.D., who suggested in March of 2022 that the claimant's mental health symptoms appear to be moderately to severely impacting activities of daily living, vocational performance and interpersonal interaction. Additionally, that the claimant had none to marked limitations in his ability to understand remember, and carry out instructions. The claimant had moderate to marked limitation in his ability to interact appropriately with supervisors, coworkers, and the public, as well as respond to changes in routine work setting (Exhibit B16F). Such extreme limitations suggested by this consultant were not supported by the record. This consultant only had a single opportunity to examine the claimant. Additionally, school records indicated acceptable academic grades and obtainment of a special education diploma. In the 12th grade, he was working part-time for the school board and eventually achieved a full-time position (Hearing Testimony and Exhibit B8F). Mental health treatment notes in July of 2021 indicated that he was employed mowing grass (Exhibit B14F). Furthermore, he was essentially independent in his activities of daily living (Hearing Testimony and Exhibit B4E). The record did not indicate any emergency care of psychiatric hospitalization.

(Tr. 24–25.)

Upon review, the undersigned finds that the ALJ failed to provide any rationale as to the supportability of Dr. Costa-Sahs's opinion. Rather, the ALJ's consideration of Dr. Costa-Sahs's opinion focuses on how it is inconsistent with the other evidence of record (*i.e.*, the consistency factor). Outside of the consistency factor, it appears that the ALJ's consideration of Dr. Costa-Sahs's opinion in its entirety is: "This consultant only had a single opportunity to examine the claimant." (Tr. 24.) While the regulations provide that the ALJ may consider the relationship with the claimant when assessing a medical opinion, including the examining relationship, that factor is separate from the supportability factor. *See* 20 C.F.R. §§ 404.1520c(1), (3), 416.920c(1), (3).

The ALJ's statement that "[s]uch extreme limitations suggested by this consultant were not supported by the record," is not enough to constitute the supportability analysis. (Tr. 24.) "Conclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision." *Battie v. Kijakazi*, No. 20-24444-CIV-WILLIAMS/MCALILEY, 2022 WL 4000728, at *6 (S.D. Fla. Aug. 9, 2022) (citing *Pierson v. Comm'r of Soc Sec.*, No. 6:19-cv-01515-RBD-DCA, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. April 23, 2020)).

Absent from the ALJ's analysis is any consideration regarding how Dr. Costa-Sahs articulated support for her findings. The ALJ did not link any evidence, such as specific test results or other findings in Dr. Costa-Sahs's evaluation, that contradict her

- 11 -

opinion. *McDaniel v. Comm'r of Soc. Sec.*, No. 6:21-cv-125-LHP, 2022 WL 11348279, at *5 (M.D. Fla. July 5, 2022) (remanding for failure to articulate consideration of the supportability factor because "the exhibits the ALJ references are from other medical sources—the ALJ nowhere explains how [the examiner's] own treatment and examination notes fail to support his opinions"); *Mayfield v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5300925, *5 (N.D. Ala. November 15, 2021) (remanding where even if ALJ sufficiently addressed consistency of opinions, she failed to explain how she considered the supportability of the opinions). Absent an explanation from the ALJ as to how Dr. Costa-Sahs's opinion is unsupported by her examination and testing of Plaintiff, the undersigned cannot find that the ALJ's decision is supported by substantial evidence. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable [the court] to conduct meaningful review."); *Brown v. Comm'r of Soc. Sec.*, 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (noting that when evaluating medical opinions under the new Regulations, the ALJ must "explain his decision, particularly with respect to supportability and consistency") (citation omitted).

Therefore, because the ALJ did not address the supportability factor in accordance with controlling SSA regulations, the court is unable to conduct a meaningful review. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (mandating that the Commissioner must "explain how [she] considered the supportability ... factor[ ] for a medical source's medical opinions ... in [the] decision"). Accordingly, in the

absence of meaningful consideration of Dr. Costa-Sahs's opinion, the court cannot conclude that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Thus, this matter must be remanded.

## II. Plaintiff's Remaining Contentions

Plaintiff contends that the ALJ erred in finding that Plaintiff failed to meet Listing 12.05B. (Dkt. 16 at 3–17.) This contention, however, relates to the ALJ's treatment of Dr. Costa-Sahs's medical opinion. *See* (*id.* at 10–11, 13–14.) As such, in light of the court's finding that the ALJ erred in her consideration of Dr. Costa-Sahs's medical opinion, the court cannot meaningfully review and conclude that substantial evidence supports the ALJ's findings related to this issue. *See, e.g.*, *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (declining to address certain issues because they were likely to be reconsidered on remand); *Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address the claimant's remaining arguments due to the conclusions reached in remanding the action).

Additionally, the Commissioner did not address Plaintiff's arguments regarding the ALJ's failure to discuss Dr. Spivey's psychological evaluation of Plaintiff and the ALJ's evaluation of Dr. Suarez-Pinzas's opinion. *See* (Dkt. 19.) Courts have found that the Commissioner's failure to respond to an argument concedes the point. *See Woodard v. Comm'r of Soc. Sec.*, No. 6:20-cv-1376-GJK, 2022 WL 3691234, at *4 (M.D. Fla. Jan. 28, 2022) ("The Commissioner did not address this issue, and therefore it is conceded."); *accord Urena v. Kijakazi*, No. 22-21723-CIV-MORENO/GOODMAN,

2023 WL 5611905, at *8 (S.D. Fla. July 28, 2023), *report and recommendation adopted*, 2023 WL 5608809 (S.D. Fla. Aug. 30, 2023). Further, because the ALJ will have to reweigh all the medical evidence and opinions in the record anew on remand, the court does not evaluate Plaintiff's arguments regarding Dr. Spivey and Dr. Suarez-Pinzas. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that, on remand, the ALJ must reassess the entire record).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **REVERSED** and the case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

2. The Clerk of Court is directed to enter final judgment in favor of Plaintiff and close the case.

**ORDERED** in Tampa, Florida, on December 5, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record